## State v. Rice
*[Cite as 5 AOA 101]*

*Case No. L-89-364*
*Lucas County, (6th)*
*Decided July 13, 1990*

*Joanne Rubin, for Appellee.*

*John P. Horn, for Appellant.*

This is an appeal of an order of disposition of the Juvenile Division of the Lucas County Court of Common Pleas ("Lucas County Juvenile Court"). The relevant facts are as follows.

On April 29, 1989, defendant-appellant James Rice was arrested for driving while under the influence of alcohol. Appellant was seventeen years old at the time of this arrest, but reached

eighteen years of age on June 18, 1989. On November 21, 1989, appellant was tried before the Lucas County Court of Common Pleas, Juvenile Division, and found to be a juvenile traffic offender for violating R.C. 4511.19(A) (3). The court imposed a $50 fine on appellant and ordered that he serve three days of incarceration in the Lucas County Child Study Institute beginning December 1, 1989, and that his driving privileges be suspended until May 1, 1990.

Appellant filed a timely notice of appeal and asserts a single assignment of error:

"THE TRIAL COURT CANNOT IMPOSE A SENTENCE THAT IS NOT AUTHORIZED BY STATUTE."

The crux of appellant's argument is that a juvenile court may not order that juvenile traffic offenders serve time in a juvenile detention center or that their driving privileges be suspended beyond their eighteenth birthday for violation R.C. 4511.19.

Before addressing the merits, we must first decide whether this case is moot since appellant has already served three days in the Lucas County Child Study Institute and the suspension of his driving privileges has expired.

A case is not moot if the issues are capable of repetition, yet evading review. *In re Appeal of Suspension of Huffer from Circleville High School* (1989), 47 Ohio St. 3d 12, paragraph one of the syllabus.

The issue of how a juvenile court may dispose of juvenile traffic offenders who have reached the age of majority at the time of disposition is clearly capable of repetition. This issue, however, may evade review because, as in this case, the juvenile court's disposition generally will have been carried out before an appellate court can review the case. This case, therefore, is not moot, and we will address its merits.

The juvenile court has exclusive jurisdiction over juvenile traffic offenders. See R.C. 2151.23(A) (1). Penalties applicable to adult traffic offenders generally do not apply to juvenile traffic offenders. See Kurtz & Gianelli, Ohio Juvenile Law (2 Ed. 1989), 200, Section 13.09(G) and Wonnell, Ohio Traffic Law Handbook (2 Ed. 1985) 287, Section 6.15. R.C. 2151.356 sets forth the only permissible dispositions of juvenile traffic offenders, and provides in relevant part:

"(A) Unless division (C) of this section applies, if a child is found to be a juvenile traffic offender, the court may make any of the following orders of disposition:

"(1) Impose a fine not to exceed fifty dollars and costs;

"(2) Suspend the child's probationary operator's license or the registration of all motor vehicles registered in the name of such child for such period as the court prescribes;

"(3) Revoke the child's probationary driver's license or the registration of all motor vehicles registered in the name of such child;

"(4) Place the child on probation;

"(5) Require the child to make restitution for all damages caused by his traffic violation or any part thereof.

"If after making such disposition the court finds upon further hearing that the child has failed to comply with the orders of the court and his operation of a motor vehicle constitutes him a danger to himself and to others, the court may make any disposition authorized by section 2151.355 of the Revised Code.

"(B) If a child is found to be a juvenile traffic offender for having committed any act that if committed by an adult would be a *** violation of *** section 4511.19 of the Revised Code, the court shall suspend or revoke the *** probationary driver's license issued to the child until the child attains the age of eighteen years ***."

A juvenile court, therefore, may not order that juvenile traffic offenders serve time in a juvenile detention center for violating R.C. 4511.19. See *In re Martin* (Oct. 29, 1981), Ashland App. No. CA-740, unreported, and Hurtz, *supra*, at 200-201, Section 13.09(G). Furthermore, a juvenile court may suspend or revoke juvenile traffic offenders probationary driver's license[1] until they reach eighteen years of age for violating R.C. 4511.19, but may not suspend their driver's licenses beyond their eighteenth birthday.

In this case, the Lucas County Juvenile Court ordered appellant to serve three days in the Lucas County Child Study Institute and suspended his driver's license until May 1, 1990, more than ten months beyond his eighteenth birthday. R.C. 2151.356 clearly does not permit these dispositions of juvenile traffic offenders for violating R.C. 4511.19. Accordingly, we find appellant's assignment of error well-taken.

While the finding of the trial court is appropriate, the disposition of suspending appellant's driver's license until May 1, 1990, and ordering him to serve three days in the Lucas County Child Study institute is vacated, and the matter is remanded for proceedings not inconsistent with this decision. Court costs to appellee.

*Judgment reversed and cause remanded.*

GLASSER, J., RESNICK, J., and FRANKLIN, J., concur.

Robert V. Franklin, Jr., retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

---

[1] A probationary driver's license is the license issued to any person between sixteen and eighteen years of age to operate a motor vehicle. R.C. 4507.01(A).